IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HATEM SALEM,<br><br>Defendant. | Case No. 1:25-mj-26 |

**<u>CONSENT MOTION TO EXTEND TIME FOR INDICTMENT</u>**

The United States of America, by and through its attorneys, Erik S. Siebert, United States Attorney for the Eastern District of Virginia, and Lauren E. Hahn, Special Assistant United States Attorney, with the express consent of the defendant, and the defendant's counsel, respectfully move the Court to extend the time to indict this case through and including April 11, 2025. In support thereof, the parties state as follows:

1. The defendant was arrested on January 30, 2025 for a violation of Title 21, United States Code, Sections 841(a)(1) and 846 (conspiracy to distribute 50 grams or more of methamphetamine). On January 30, 2025, the defendant made his initial appearance in the District of Connecticut. On February 3, 2025, the defendant's motion for release on bond was heard in the District of Connecticut and was denied. The defendant was subsequently transferred to the Eastern District of Virginia. On February 13, 2025, attorney Cadence Mertz of the Federal Public Defender's Office was appointed to represent the defendant. On February 19, 2025, the defendant made his initial appearance in the Eastern District of Virginia and a preliminary hearing was set for February 27, 2025.

2. The Speedy Trial Act requires that the defendant be indicted within thirty days of the defendant's arrest after subtracting all excludable time. Based on delays related to the

defendant's transfer from another district, a conservative estimate of the indictment deadline is March 11, 2025.  See 18 U.S.C. § 3161(h)(1)(F).   The parties jointly request an extension of approximately 30 days for an extension of the time to indict.   Extending this time period for approximately 30 days would be in the best interests of justice in that it would give defense counsel an opportunity to meet with the defendant, to review discovery and to discuss a possible pre-indictment plea resolution of the case.

       3.      The defendant hereby agrees to waive any objections under the Speedy Trial Act and to extend the government's time to file an indictment in this case through and including April 11, 2025.   The waiver is made knowingly, intentionally, and voluntarily by the defendant, and with full knowledge of the provisions of the Speedy Trial Act, Title 18, United States Code, Sections 3161, *et seq.*, and with the advice and consent of counsel.

       4.      The defendant expressly understands that his waiver is not predicated upon any promises, agreements, or understandings of any kind between the government and the defense in this case, and that nothing contained herein shall be construed to preclude the government from proceeding against the defendant during or after the time period covered by this waiver.

      WHEREFORE, the parties request that the time to indict this case be extended to and including April 11, 2025 and that the delay resulting from this extension be excluded in computing the time within which an indictment must be filed pursuant to Title 18, United States Code, Section 3161(h).

Respectfully submitted,

Erik S. Siebert
United States Attorney

Date: February 26, 2025    By:    /s/
Lauren E. Hahn
Special Assistant United States Attorney (LT)

<u>Defense Counsel Signature</u>: I am counsel for the defendant in this case.  I have fully explained to the defendant the defendant's right to be charged by indictment within 30 days of arrest.  Specifically, I have reviewed the terms and conditions of Title 18, United States Code, Section 3161(b), and I have fully explained to the defendant the provisions that may apply in this case.   To my knowledge, the defendant's decision to agree to an extension of time to be charged by indictment is an informed and voluntary one.

Date: 2/28/25      *Cadence Mertz*
Cadence Mertz
Counsel for the Defendant